IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH LAURENSAU, | |
| *Plaintiff*, | Civil Action No. 2:25-cv-263 |
| v. | Hon. William S. Stickman IV |
| MICHAEL ZAKEN, *et al*, | Hon. Maureen P. Kelly |
| *Defendants*. | |

## ORDER OF COURT

Plaintiff, a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), brought this action alleging that his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution were violated over an eight-month period between February 21, 2023, and October 6, 2023, when he was housed in administrative custody in the phased Intensive Management Unit ("IMU") at the State Correctional Institution at Greene ("SCI-Greene"). (ECF No. 8 at 3, 7-10). Defendants Michael Zaken ("Zaken"), D. Coulehan ("Coulehan"), Major C. Parker ("Parker"), Mr. S. Buzas ("Buzas"), Sergeant K. Davis ("Davis"), Mr. Berardi ("Berardi"), Mr. Ingram ("Ingram"), and Mr. Fielders ("Fielders") (collectively, "Corrections Defendants") filed a Partial Motion to Dismiss Complaint or in the Alternative Motion for Summary Judgment. (ECF No. 16). Plaintiff filed a Motion for (TRO) Temporary Restraining Order (ECF No. 29) and Motion for Default of Judgment for (TRO) Temporary Restraining Order (ECF No. 34).

Magistrate Judge Maureen P. Kelly issued a Report and Recommendation recommending that the Court grant in part and deny in part Defendants' Partial Motion to Dismiss, grant in part Defendants' alternative Motion for Summary Judgment, and deny Plaintiff's motions for

injunctive relief and for default judgment. (ECF No. 36). The parties were given the opportunity to file objections. (*Id.*). Plaintiff filed objections. (ECF No. 38).

After its independent de novo review of the record and consideration of the pleadings of the parties, the Court hereby ADOPTS Magistrate Judge Kelly's Report and Recommendation as its Opinion. It agrees with her thorough analysis of the claims and legal conclusions. The Court OVERRULES Petitioner's objections.

AND NOW, this 12th day of February 2026, IT IS HEREBY ORDERED that the Partial Motion to Dismiss Complaint or in the Alternative Motion for Summary Judgment (ECF No. 16) is GRANTED IN PART and DENIED IN PART as set forth below.

- Defendants' Motion for Summary Judgment is GRANTED on exhaustion grounds as to Plaintiff's claims arising from incidents on February 21, 2023, and March 14, 2023, and summary judgment will be entered in favor of Ingram and Fielders. The motion is further GRANTED in that partial summary judgment will be entered in favor of Davis as to Plaintiff's claims arising from June 16, 2023, only.

- Defendants' Motion for Summary Judgment is DENIED WITHOUT PREJUDICE as to Plaintiff's claims related to: (1) events on July 24, 2023, (including alleged retaliation that resulted in damage to Plaintiff's electronic equipment), (2) the July 25, 2023, retaliation claims against Berardi, and (3) Plaintiff's July 29, 2023, and October 6, 2023, claims related to the failure to protect from assault and subsequent disciplinary confinement, loss of privileges, and IMU demotion from phase 3 to phase 5 stemming from the inmate altercation.

- Defendants' Motion to Dismiss is GRANTED as follows: (1) Plaintiff's official capacity claims against all Defendants are DISMISSED WITH PREJUDICE as leave to amend would be futile;[1] (2) Plaintiff's claims against Zaken are DISMISSED WITHOUT PREJUDICE; (3) Plaintiff's Eighth Amendment claims against Davis and Berardi for sexual harassment arising out of allegedly verbally abusive statements are DISMISSED WITHOUT PREJUDICE; (4) Plaintiff's Eighth Amendment conditions of confinement claims related to his placement in the IMU and the loss of privileges including two showers, television access, tablet, or kiosk availability, and commissary are DISMISSED WITHOUT PREJUDICE; and (5) Plaintiff's Fourteenth Amendment due process claims arising out of his placement in disciplinary custody and his IMU demotion from phase 3 to phase 5 are DISMISSED WITHOUT PREJUDICE.

- Defendants' Motion to Dismiss is DENIED as to the personal involvement of Coulehan, Parker, and Buzas, but, as noted above, the claims involving these Defendants suffer from other pleading deficiencies.

IT IS FURTHER ORDERED that Plaintiff's Motion for (TRO) Temporary Restraining Order (ECF No. 29) is DENIED, and his Motion for Default of Judgment for (TRO) Temporary Restraining Order (ECF No. 34) is DENIED AS MOOT.

---

[1] "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2024). *See also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility).

4

IT IS FINALLY ORDERED that Plaintiff shall file an amended complaint on or before **March 30, 2026**, and it must: (1) fully and clearly allege each claim he wishes to raise and identify the Defendant(s) against whom the claim is being brought; (2) be a pleading that stands by itself without reference to other filings in this case; and (3) not re-allege claims that have been dismissed with prejudice.

                                              BY THE COURT:

                                              s/ William S. Stickman IV
                                              WILLIAM S. STICKMAN IV
                                              UNITED STATES DISTRICT JUDGE