IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH LAURENSAU,

*Plaintiff*,

v.

MICHAEL ZAKEN, *et al*,

*Defendants*.

Civil Action No. 2:25-cv-263

Hon. William S. Stickman IV
Hon. Maureen P. Kelly

**ORDER OF COURT**

Plaintiff Joseph Laurensau ("Plaintiff"), a prisoner in the custody of the Pennsylvania Department of Corrections, brought this action alleging that his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution were violated over an eight-month period between February 21, 2023, and October 6, 2023, when he was housed in administrative custody in the phased Intensive Management Unit ("IMU") at the State Correctional Institution at Greene. (ECF No. 8 at 3, 7-10). Pending before the Court is Corrections Defendants' (Defendants Michael Zaken, D. Coulehan, Major Parker, Mr. S. Buzas, Sergeant K. Davis ("Davis"), and Mr. Berardi ("Berardi") (collectively, "Corrections Defendants")) Partial Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 43). United States Magistrate Judge Maureen P. Kelly filed a Report and Recommendation recommending that the Court grant the motion. (ECF No. 57). The parties were given the opportunity to file objections, and Plaintiff did so. (ECF No. 65).

After its independent *de novo* review of the record, and consideration of the pleadings of the parties, the Court hereby ADOPTS Magistrate Judge Kelly's Report and Recommendation as

its Opinion. It agrees with her thorough analysis of the claims and legal conclusions. The Court OVERRULES Plaintiff's objections (ECF No. 65).

AND NOW, this 2nd day of November 2026, IT IS HEREBY ORDERED that Corrections Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 43) is GRANTED. IT IS FURTHER ORDERED that:

- Plaintiff's official capacity claims against all Corrections Defendants are DISMISSED WITH PREJUDICE as leave to amend would be futile;[1]
- Plaintiff's Eighth Amendment claims against Davis and Berardi for sexual harassment arising out of allegedly verbally abusive statements are DISMISSED WITH PREJUDICE as leave to amend would be futile;
- Plaintiff's Eighth Amendment conditions of confinement claims against all Corrections Defendants related to his placement in the IMU and the loss of privileges including two showers, television access, tablet, or kiosk availability, and commissary are DISMISSED WITH PREJUDICE; and
- Plaintiff's Fourteenth Amendment due process claims arising out of his placement in disciplinary custody and his IMU demotion from phase 3 to phase 5 are DISMISSED WITH PREJUDICE.

[1] "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2024). *See also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility).

The Court would direct the parties to pages twelve and thirteen of Magistrate Judge Kelly's Report and Recommendation, which sets forth the remaining claims in this matter. (ECF No. 57, pp, 12-13).

BY THE COURT:

s/ William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE